IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| **AKZO NOBEL COATINGS, INC.,** | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 08-0578-CG-B |
| **JOHNSTON PAINT & BODY SUPPLIES, LLC.,** | ) ) ) ) | |
| Defendant. | ) | |

### ORDER

This matter is before the court on defendant's motion for leave to file a counterclaim (Doc. 42), and plaintiff's opposition thereto (Doc. 44). This case arises from Akzo's delivery of paint and related products to the defendant in 2005 and defendant's alleged failure to pay for the products. Akzo alleges in its complaint that defendant owes a total of $179,094.87 to Akzo for the paint and related products it received. (Complaint, Doc. 1). Defendant moves to file a counterclaim which seeks judgment in the amount of $214,990.48 for the value of merchandise that was allegedly picked up by Akzo from defendant at the time their business relationship terminated in 2005.

Plaintiff objects to defendant's counterclaim asserting that it does not state a proper counterclaim, but instead an affirmative defense that should be pled as such. Plaintiff, without any citation, argues that defendant's proposed counterclaim is a defense because it is in essence asking for a credit or set off of the amount it owes Akzo as a defense to Akzo's claims. The court disagrees. Generally, "the right to setoff does not operate as a denial of the plaintiff's claim

1

but allows the defendant to set off the debt that the plaintiff owes the defendant against the plaintiff's claim against the defendant. As such, it must be asserted as a counterclaim rather than a defense." 20 AM.JUR.2d Counterclaim, Recoupment, and Setoff § 7 (internal footnote and citations omitted). A "recoupment," on the other hand "refers to the defendant's right, in the same action, to reduce or eliminate the plaintiff's claim, either because the plaintiff has not complied with some cross-obligation of the contract on which he or she sues or because the plaintiff has violated some legal duty in the making or performance of that contract." Id. at § 3. "Thus, recoupment is a doctrine of an intrinsically defensive nature." Id. Plaintiff claims defendant's counterclaim is really a "setoff," and if that characterization is correct, then asserting it as a counterclaim would be proper. More importantly, the defendant's proposed counterclaim does not merely seek to offset what it owes to Akzo, but seeks affirmative relief above what the complaint alleges defendant owes the plaintiff.[1] As such, the court finds that the claim is properly asserted as a counterclaim.

Additionally, pursuant to Rule 8(c)(2), "[i]f a party mistakenly designates a defense as a counterclaim... the court must, if justice requires, treat the pleading as though it were correctly designated..." FED. R. CIV. P. 8(c)(2); see also 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1275, pp. 459-460 (2d ed. 1990) ("Inasmuch as it is not clear whether set-offs and recoupments should be viewed as defenses or counterclaims, the court, by invoking the misdesignation provision in Rule 8(c), should treat matter of this type as if it had been properly designated by defendant, and should not penalize improper labeling").

---

[1] "Although setoff may be used to offset a plaintiff's claim, it may not, however, be used to recover affirmatively." 20 AM.JUR.2d Counterclaim, Recoupment, and Setoff § 7. Likewise, recoupment cannot be used to obtain affirmative relief. Id. at § 5.

## CONCLUSION

For the reasons stated above, defendant's motion for leave to file a counterclaim (Doc. 42) is **GRANTED**.

**DONE and ORDERED** this 31st day of August, 2009.

/s/   Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE