IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| AKZO NOBEL COATINGS INC., | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | CIVIL ACTION NO. 08-0578-CG-B |
| JOHNSTON PAINT & BODY SUPPLIES, LLC., | ) ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

This cause is before the court on plaintiff's motion for summary judgment (Doc. 48), defendant's submission of an affidavit in opposition (Docs. 55), plaintiff's motion to strike (Doc. 56) and plaintiff's reply in support of summary judgment (Doc. 57). The court finds that plaintiff's motion to strike is due to be granted. The court further finds that plaintiff has met its burden under Rule 56(c) and that defendant has failed to establish that there is a material issue of fact that precludes summary judgment. Therefore, plaintiff's motion for summary judgment is also due to be granted.

**FACTS**

Plaintiff filed its complaint in this case seeking payment of amounts allegedly owed for paint and related products delivered to defendant. (Doc. 1). Defendant filed a counterclaim seeking credit allegedly owed for merchandise that was picked up by plaintiff when their business relationship terminated in 2005. (Doc. 60). The business relationship between these two parties is complicated by the fact that it arose when defendant entered into a contract to

1

purchase the assets of Byrd Automotive Inc., which held a contract or franchise with plaintiff to sell and distribute paint. (See Doc. 49-3 - Asset Purchase Agreement). In 2003, defendant agreed to purchase Byrd Automotive's assets for $400,000.00 to be paid over a period of seven years. Defendant then began ordering products from plaintiff as a sub-distributor through Byrd Automotive. To streamline the arrangement, it was agreed that plaintiff would deliver product directly to defendant and that defendant would pay plaintiff directly for the products. (Byrd Aff. Doc. 49-2; Young Aff. Doc. 49-10; Lang Aff. 49-11). There appears to be no dispute that the amounts invoiced by plaintiff were owed and were reasonable and customary. (Johnston Dep. pp. 46, 89; Lang Aff). In 2005, defendant reportedly ceased paying the installments required by the Asset Purchase Agreement to Byrd Automotive and stopped paying for the products it had ordered from plaintiff and ultimately began selling DuPont paint products instead. (Byrd Aff.; Young Aff; Lang Aff.). According to plaintiff, in June, 2005, defendant owed plaintiff $176,965.79 for unpaid invoices. (Doc. 49-18 - aging report dated 6/22/05).

In October 2005, plaintiff accepted a return of inventory from defendant, which under its termination policy, entitled defendant to a credit for the wholesaler price less a 20% restocking fee only for all current, undamaged and unopened product inventory. (Lang Aff.). Akzo accepts return of product that is out of shelf life because, if left in the market, it could cause performance problems for which plaintiff may be found responsible or which may affect plaintiff's brand. (Lang Aff.). Plaintiff also accepts return of equipment which is usually not in sellable condition and is given to subdistributors at no cost or at a substantial discount. (Lang Aff.). Plaintiff credited defendant's account in the amount of $73,612.30 for returned qualifying product. (Lang Aff.). Jody Johnston testified that he knew plaintiff had a restocking fee policy because he had

worked for plaintiff for ten years, but stated that he never charged anybody a restocking fee before. (Johnston Dep. p. 65 Doc. 49-5). The unpaid balance actually consists of two accounts, one with unpaid invoices, late fees and interest charges totaling $106,800.51 and a separate second account for which $718.26 is owed. (Lang Aff.). Defendant does not dispute that it is responsible for the second account. (Johnston Dep. pp. 76-80).

Byrd Automotive filed suit in state court against defendant seeking the unpaid installments owing on the asset purchase agreement, compensatory damages for lost profits Byrd Automotive would have received from the sale of plaintiff's paint products to defendant, and a declaration that Byrd Automotive was no longer bound by a covenant-not-to-compete found in the asset purchase agreement. (Doc. 49-20 - State Court Complaint). Defendant and Byrd Automotive settled the state court suit and entered into a Mutual Release and Settlement under which defendant agreed to pay Byrd Automotive $150,000.00, the Asset Purchase Agreement was terminated, and they were both released from liability related to the Asset Purchase Agreement. (Doc. 49-9). Plaintiff was not a party to the state court suit and, according to Byrd Automotive, the settlement did not include any money owed by defendant for plaintiff's paint products. (Byrd Aff.).

Plaintiff moves for summary judgment, setting forth the facts as outlined above and offering several legal theories under which plaintiff contends defendant should be held liable for the balance of $107,518.77 plus interest and costs. Any party opposing the motion was ordered to file a response in opposition on or before September 3, 2009. (Doc. 52). On September 3, 2009, defendant filed an unsigned affidavit with attachments. (Doc. 54). The following day, without requesting leave to do so, defendant filed a signed copy of the affidavit without any

3

attachments.[1] (Doc. 55).

In the affidavit, Jody Johnston, president of defendant, Johnston Paint & Body Supplies, LLC, states that defendant bought plaintiff's product through Byrd and that Byrd received rebates on all such purchases. According to Mr. Johnston, the settlement of the lawsuit with Byrd included the money defendant owed Byrd for plaintiff's products. Mr. Johnston states that the $150,000.00 paid to settle the state court lawsuit included $106,000.00 defendant owed Byrd for plaintiff's product. As such, Johnston asserts that it is not indebted to plaintiff. Johnston further states that it is not and has never been made aware of any policy of plaintiff that would permit it to limit the amount it pays for items it retrieves from a customer when the relationship is terminated. Johnston states that it purchased product and equipment from Byrd for $400,000.00 pursuant to the Asset Purchase Agreement and the items should not have been picked up if no credit was going to be given for them. Johnston contends that plaintiff owes defendant $214,990.48 for the product scales, computers, mixing machines, cameras, color documentation, and other items plaintiff retrieved. According to Johnston, because of the delay in retrieval, defendant had to rent storage space for the product and other items after the relationship was terminated at a rental cost of $2,500 per month for 4 months.

The attachments to the first, unsigned, affidavit, included a copy of a fax, dated June 20, 2006, to defendant's counsel discussing settlement negotiations regarding the lawsuit between Byrd Automotive and defendant. The fax states that "Jody owes Byrd Automotive $1,476,000.00" but then adds:

---

[1] The court notes that the signed affidavit indicates that it had been "subscribed and sworn" before a notary on September 4, 2009.

> ...there is also an issue with regard to paint purchases Jody made but has not paid for. That total is $106,402.77.
>
> Thus the total amount Jody owes is $1,582,402.70.

(Doc. 54). Also attached to the affidavit is a copy of the title page of the Asset Purchase Agreement between Byrd Automotive and defendant and a page that apparently lists the amounts defendant contends plaintiff owes defendant. The entries are not explained in any way and there is nothing to indicate who calculated the figures or where the numbers came from. The attachment consists of the handwritten notation "Total $214,990.48" with the following:

```
AGING REPORT FROM AKZO        176965.79
CREDITS DUE                    17194.55
RETURNABLE PAINT              104556.39

OTHER EQUIPMENT:
8 SIKKENS MIXING MACHINES       16120
13 LESONAL MIXING MACHINES      26195
CAMERA                          20000
17 SCALES                       25500
3 SETS LESONAL HALF TONERS    5424.54
```

(Doc. 54).

## LEGAL ANALYSIS

**I. Motion to Strike**

Plaintiff moves to strike the affidavit filed by defendant as its opposition to summary judgment. Plaintiff points out that the affidavit does not comply with local Rule 7.2 which states that "the party or parties in opposition shall file a <u>brief</u> in opposition thereto..." (emphasis added). Additionally, the signed affidavit was untimely and does not comply with FED. R. CIV. P. 56(e) because it does not state that it is "made on personal knowledge," or that "the affiant is

5

competent to testify on the matters stated." Even if this court were to construe the affidavit as defendant's brief and allow the late filing and presume that the affiant, as the president of defendant Johnston Paint & Body Supplies, LLC was competent to testify to the matters stated, the court finds that most of the information contained therein consists of legal conclusions or otherwise inadmissable evidence.

     Johnston avers that the settlement with Byrd Automotive included the $106,000.00 defendant owed for plaintiff's product. As support for this contention, Johnston sites to the fax copy to defendant's counsel that claims that "Jody owes Byrd Automotive $1,476,000.00" but then adds that "there is also an issue with regard to paint purchases Jody made but has not paid for" and concludes that with the addition of $106,402.77, "the total amount Jody owes is $1,582,402.70." These statements were apparently not made by a party to the current litigation and are inadmissable hearsay if offered for the truth of the matter asserted. Additionally, FED. R. CIV. P. 408 prohibits the use of statements made in compromise negotiations. Moreover, even if they were admitted and were true and accurate, the statements do not tend to show that the later settlement included the $106,402.77. The statements merely indicate that it was brought up as an issue and that the sender understood that defendant owed $106,402.77. The fax does not even state clearly to whom the $106,402.77 was believed to be owed. The court notes that the state court complaint filed by Byrd Automotive did not seek payment of any money owed by defendant for plaintiff's paint products. Nor did the Mutual Release and Settlement for the state court lawsuit indicate that it included the amounts owed for plaintiff's paint products.

     Johnston also states in his affidavit that he has never been made aware of any policy of plaintiff that would permit it to limit the amount it pays for items it retrieves from a customer

when the relationship is terminated. However, this is contrary to Johnston's prior deposition testimony wherein he stated that he had worked for plaintiff company for 10 years and was aware that there was a restocking fee policy. An affidavit may be stricken as a sham when it directly contradicts, without explanation, a witness's previous sworn testimony. See McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1240 n. 7 (11th Cir. 2003); see also Rollins v. TechSouth, Inc., 833 F.2d 1525, 1530 (11th Cir. 1987) ("[A] party cannot give clear answers to unambiguous questions in a deposition and thereafter raise an issue of material fact in a contradictory affidavit that fails to explain the contradiction." (internal quotations and citation omitted)).

As for the attachment listing the amounts defendant contends plaintiff owes defendant, the court finds it does not contain admissible evidence. There is no indication who prepared the document or where the values or calculations came from. The attachment merely lists equipment and paint product, assigns a figure for each and concludes that the total is $214,990.48. Defendant apparently asserts that plaintiff owes defendant this total, but listing the amounts claimed without any explanation or supporting evidence does not tend to show that they are true and accurate.

For all of the above reasons, the court finds that the affidavit is due to be and is hereby **STRICKEN**.

**II. Motion for Summary Judgment**

    **A. Summary Judgment Standard**

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted:

"if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The trial court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). "The mere existence of some evidence to support the non-moving party is not sufficient for denial of summary judgment; there must be 'sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" Bailey v. Allgas, Inc., 284 F.3d 1237, 1243 (11th Cir. 2002) (quoting Anderson, 477 U.S. at 249). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, at 249-250. (internal citations omitted).

The basic issue before the Court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." See Anderson, 477 U.S. at 251-252. The moving party bears the burden of proving that no genuine issue of material fact exists. O'Ferrell v. United States, 253 F.3d 1257, 1265 (11th Cir. 2001). In evaluating the argument of the moving party, the court must view all evidence in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in its favor. Burton v. City of Belle Glade, 178 F.3d 1175, 1187 (11th Cir.1999). "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." Miranda v. B&B Cash Grocery Store, Inc., 975 F.2d 1518, 1534 (11th Cir. 1992) (citing Mercantile Bank & Trust v. Fidelity & Deposit Co., 750 F.2d 838, 841 (11th Cir. 1985)).

Once the movant satisfies his initial burden under Rule 56(c), the non-moving party "must make a sufficient showing to establish the existence of each essential element to that party's case, and on which that party will bear the burden of proof at trial." Howard v. BP Oil

Company, 32 F.3d 520, 524 (11th Cir.1994)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)).  Otherwise stated, the non-movant must "demonstrate that there is indeed a material issue of fact that precludes summary judgment."  See Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).  The non-moving party "may not rest on the mere allegations or denials of the [non-moving] party's pleading, but .... must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e)  "A mere 'scintilla' of evidence supporting the [non-moving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party."  Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (citation omitted). "[T]he nonmoving party may avail itself of all facts and justifiable inferences in the record taken as a whole." Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998 (11th Cir. 1992).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial."  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 at 587 (1986) (internal quotation and citation omitted).

   **B. Discussion**

After reviewing plaintiff's motion and supporting evidence, the court finds that plaintiff has met its burden under Rule 56(c) and that defendant has failed to establish that there is a material issue of fact that precludes summary judgment.  Even if this court had not stricken defendant's responsive affidavit, the court still finds that there would be no material issue of fact.[2]  Defendant does not dispute that it ordered the products invoiced, does not dispute that it accepted delivery of the products, does not dispute that it received order confirmations and invoices, does not dispute the prices charged, does not dispute that it owed approximately

---

[2] As discussed above defendant's conclusion that the settlement with Byrd Automotive included the $106,402.77 owed on plaintiff's paint products is not supported by the factual evidence.  The letter attached to the affidavit, even if admissible, does not support defendant's contention that the later settlement included the $106,402.77 and other evidence, such as the claims asserted in Byrd Automotive's complaint and the language of the Mutual Release and Settlement, indicates it was not included.

$106,000.00 after it returned unused product and equipment in October 2005 and does not dispute that it is responsible for the second account on which is owed $718.26. (Johnston Dep. pp. 18-35, 46). As such, the court finds that summary judgment is due to be entered in favor of plaintiff.

## CONCLUSION

For the reasons stated above, plaintiff's motion for summary judgment (Doc. 48) is **GRANTED**. Judgment shall be entered in favor of plaintiff in the amount of **$107,518.77** plus interest and costs.

**DONE** and **ORDERED** this 5th day of November, 2009.

                                        /s/ Callie V. S. Granade
                                        CHIEF UNITED STATES DISTRICT JUDGE