**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **AKZO NOBEL COATINGS INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION NO. 08-0578-CG-B** |
| | ) | |
| **JOHNSTON PAINT & BODY** | ) | |
| **SUPPLIES, LLC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This matter is before the court on plaintiff's motion for an order charging Jody Plezant

Johnston, individually, and his individual interest in Jody Johnston Enterprises, LLC, with

payment and satisfaction of the  judgment awarded in this action. (Doc. 83).  Final judgment was

entered by this court against Johnston Paint & Body Supplies, LLC ("JPBS") on November 5,

2009, in the amount of $107,518.77 plus interest and costs. (Doc. 70).   The court previously

determined that plaintiff is entitled to prejudgment interest in the amount of $28,403.05 and costs

in the amount of 596.79. (Docs. 73, 75).  As will be explained further below, the court finds it

appropriate to grant plaintiff's motion to the extent that assets have been transferred to Jody

Johnston and Jody Johnston Enterprises, LLC, from JPBS.

A hearing was held and testimony was taken concerning this matter on June 8, 2010.  At

the hearing, Johnston testified that he had been the sole member and owner of JPBS. (Tr. p. 7).

According to Johnston, from 2003 until 2007 he received a base salary from JPBS of $52,000 per

year plus "draws" on the profits. (Tr. 24-25).  No one else shared in JPBS' profits.  In 2003,

JPBS owned property on Hall's Mill Road which it sold and used the proceeds to buy another

building "on the Beltline" that was then sold in January 2007 to Jody Johnston Enterprises, LLC, for $380,000.00. (Tr. p. 21-23). Jody Johnston Enterprises did not pay any cash for the building, but assumed the debt on the building. (Tr. p. 23). Mr. Johnston is the sole member and owner of Jody Johnston Enterprises, LLC (Tr. p. 20). Jody Johnston Enterprises , LLC, is a limited liability company which owns and manages property located at 3415 Beltline Park Dr. North, in Mobile, Alabama. (Doc. 83-2). Mr. Johnston testified that JPBS was dissolved in 2007 (Tr. p. 12), but documentation from the Alabama Secretary of State indicates it was not officially dissolved until June 8, 2010, the day of the hearing before this court. (Doc. 83-1). Mr. Johnston testified that he sold the assets and inventory of JPBS to Carquest in June 2007 for $200,000.00. (Tr. pp. 12-14). Johnston used the proceeds to buy 1/3 interest in the Cockrell's Body Shop located on Schillinger Rd. (Tr. p. 14). Plaintiff has attempted to collect on the judgment, but has been unsuccessful. Jody Johnston stated under oath at the hearing that he does not intend to pay this judgment individually, through JPBS, or through Cockrell's Body Shop, and that he does not plan to pay it at all. (Tr. p. 28).

Under Alabama law, when dissolving a limited liability company, the assets of the company should be distributed first to creditors, before being distributed to members. ALA. CODE. § 10-12-41. Under Alabama law, a claim may be enforced:

> (1) Against the dissolved limited liability company, to the extent of its undistributed assets.
>
> (2) If part or all the limited liability company assets have been distributed in liquidation, against a member of the dissolved limited liability company to the extent of the member's pro rata share of the claim or the assets of the limited liability company distributed to the member in liquidation, whichever is less. If a member's total liability for all claims determined under the preceding sentence exceeds the total amount of assets distributed to the member in liquidation, then the member's liability on each claim shall be limited to an amount determined by

2

multiplying the assets distributed in liquidation by a fraction, the numerator of which is the claim and the denominator of which is the total of all the claims.

ALA. CODE § 10-12-44(d).

In the instant case, Jody Johnston, as the sole member, dissolved JPBS and received the proceeds from the company. Although Jody Johnston claims the company had no assets at the time of its dissolution in 2007, he testified at the hearing that he received all the profits from the company and that he sold the remaining assets in 2007 for $200,000.00. Further, real property owned by JPBS was transferred in 2007 to Jody Johnston Enterprises, LLC, which was formed by Jody Johnston for the sole purpose of managing that property. As such, the court finds it appropriate to charge this judgment against Jody Johnston individually and Jody Johnston Enterprises, LLC, to the extent of the assets transferred to them from JPBS. The amount of the judgment rendered in this case is $107,518.77 plus pre-judgment interest in the amount of $28,403.05 and costs in the amount of $596.79. Thus, the amount owed on the judgment is $136,518.61 plus post-judgment interest accruing as of the entry of judgment on November 5, 2009. Since Johnston received at least $200,000.00, an amount in excess of the judgment amount in this case, the court finds that the entire judgment may be charged against him. The court also finds that the judgment may be charged against Jody Johnston Enterprises, LLC, to the extent of the value of the real property transferred to the company.

## CONCLUSION

For the reasons stated above, the motion (Doc. 83) is **GRANTED,** and it is hereby

**ORDERED**:

(1) that Jody Plezant Johnston, individually, is charged with payment and satisfaction of the judgment rendered in this matter in the amount of $136,518.61, plus post-judgment interest

accruing as of entry of judgment on November 5, 2009, until the judgment is satisfied; and

(2) that the individual interest of Jody Plezant Johnston in the Alabama limited liability company, Jody Johnston Enterprises, LLC, is charged with payment and satisfaction of the judgment rendered in this matter plus interest to the extent of the net value of the Beltline property transferred to it by Johnston Paint & Body Supplies, LLC in 2007.

**DONE** and **ORDERED** this 8th day of December, 2010.

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE